# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DENISE INGHAM,

        Plaintiff,

   vs.

KENNETH DALE BROBERG, *et al.*,

        Defendants.

Case No.: 2:24-cv-00227-GMN-BNW

**ORDER GRANTING MOTION TO REMAND**

Pending before the Court is the Motion to Remand, (ECF No. 11), filed by Plaintiff Denise Ingham. Defendants Kenneth Dale Broberg, Jr. and Waymore Transportation, Inc. filed a Response, (ECF No. 12). Because this case was not timely removed, the Court **GRANTS** Plaintiff's Motion to Remand.

**I.**     **BACKGROUND**

This case arises from a motor vehicle/pedestrian collision on October 6, 2021. (*See generally* Compl., Ex. A to Pet. Removal, ECF No. 1-1). Plaintiff's vehicle broke down on I-80, forcing her to exit her vehicle and walk along the side of the highway. (*Id.* ¶ 13). While she was walking on the shoulder of the highway, Plaintiff was struck by a vehicle driven by Defendant Broberg, who was operating the vehicle within the course and scope of his employment with Defendant Waymore. (*Id.* ¶¶ 8–15).

Plaintiff filed her Complaint in state court on April 28, 2023. (*See id.* at 7). Defendant Broberg was served on May 9, 2023, and Defendant Waymore was served on June 5, 2023. (Aff. of Service, Exs. C & D, ECF Nos. 1-3, 1-4). On August 18, 2023, and August 25, 2023, respectively, the state court clerk entered defaults against Defendants. (State Court Order Setting Aside Entry of Default 3:2–5, Ex. A to Resp., ECF No. 12-1). The state court set aside the defaults on January 17, 2024, because Plaintiff failed to inquire into Defendants' intent to

proceed before requesting a default, as required by Nevada law. (*See generally id.*). Defendants removed this action to federal court on February 1, 2024. Plaintiff now moves to remand. (Mot. Remand, ECF No. 11).

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. To remove a state law civil action to federal court based on diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000.00. 28 U.S.C. § 1332(a). Removing defendants must file a notice of removal within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

///
///
///
///
///

### III. DISCUSSION

As a preliminary matter, neither the amount in controversy nor complete diversity of citizenship is in dispute.[1] (*See generally* Mot. Remand).  At issue in Plaintiff's Motion is whether removal was timely.  Plaintiff argues that Defendants' Notice of Removal was filed 211 days late because the deadline to remove the action under 28 U.S.C. § 1446 was July 5, 2023, 30 days after Defendant Waymore was served. (Mot. Remand 2:25–26).  Strictly construing the removal statute, as the Court must, Plaintiff is correct that the deadline to remove this action was July 5, 2023.

Defendants nonetheless argue that they timely removed the action on February 1, 2024, because the deadline to remove the action was extended to 30 days after the state court set aside the clerk's defaults on January 17, 2024. (Resp. 7:5–8, ECF No. 12).  But Defendants do not contest that they were served on May 9, 2023, and June 5, 2023, respectively, nor was the clerk's entry of default set aside for reasons of insufficient service.  Rather, the state court set aside the clerk's entry of default because Plaintiff failed to inquire into Defendants' intent to proceed before requesting a default, as required by Nevada law. (State Court Order Setting Aside Entry of Default 3:17–19 (citing *Landreth v. Malik*, 251 P.3d 163, 172 (Nev. 2011)).

Defendants do not provide any legal basis for extending the removal deadline beyond vague notions of "estoppel and fairness." (Resp. 7:18–20).  Moreover, the timeline in this case belies Defendants' argument.  The deadline to remove this action under 28 U.S.C. § 1446 was July 5, 2023, well over a month before the clerk's entry of default in state court.  Defendants contend that the setting aside of the default restarted the clock, but the clock ran out before default was entered in the first place.  This cannot be so.  Defendants had 30 days from the date

---

[1] Plaintiff is a citizen of California, Defendant Broberg is a citizen of Minnesota, and Defendant Waymore is a citizen of Minnesota. (Pet. Removal ¶¶ 6–8).  The amount in controversy exceeds $75,000 on the face of the complaint. (*See generally* Compl.).

of service to remove this action, but Defendants did not file their notice of removal until February 1, 2024. Accordingly, removal was untimely, and the Court must remand this case to state court.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 11), is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is hereby remanded to the Eighth Judicial District Court for Clark County, Nevada, for all further proceedings.

**DATED** this __20__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT